**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JAMES GRIFFIN,**
  **Petitioner,**

**v.**              **Case No.  5:08cv201/RS/MD**

**STATE OF FLORIDA,**
  **Respondent.**
_____

**REPORT AND RECOMMENDATION**

  Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed a response, submitting relevant portions of the state court record.  (Doc.  14).  Although given an opportunity to reply, (doc. 15) petitioner has not done so.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner's claims are either procedurally defaulted or not cognizable on federal habeas review.  Therefore, the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On August 19, 2004 petitioner was charged with Grand Theft. (Doc. 14, Ex. A; Ex. C, p. 18).[1] The facts supporting the charge were these: the victim's work trailer was broken into and $5000 worth of tools stolen. Petitioner contacted the victim and offered to sell the tools back to him for $300. The victim contacted the police. (Ex. B, pp. 7-8). Petitioner sold the tools back to the victim for $300, and the transaction was recorded. (*Id.*).

On September 8, 2004 petitioner, represented by counsel, executed a Plea, Waiver and Consent form in which he pleaded no contest to the charge and agreed to a sentence of one year community control followed by two years probation. (Ex. C, pp. 10-11). The trial court accepted petitioner's plea and sentenced him in accordance with the plea agreement. (Exs. C, D, pp. 10-23). Following successful completion of seven months of community control, several violation of probation warrants were issued for various violations, including commissions of a Battery and a Grand Theft. (Exs. E, F, pp. 25-47). Petitioner was eventually located in Pennsylvania after he committed additional new offenses in that state. (Ex. F). He was returned to Florida where the violation warrants were served on July 31, 2006. (Ex. Ex. P). On November 8, 2006 petitioner entered a counseled no contest plea to the Battery and the Grand Theft violation of community control ("VOCC"). (Exs. G, H). He received time served on the Battery and was sentenced to three years imprisonment on the Grand Theft VOCC, with jail credit for 160 days time served.[2]

---

[1] Hereafter, all references to exhibits will be to those attached to Doc. 14, unless otherwise noted. References to page numbers are to the page of the identified document as it appears on the court's Case Management/Electronic Computer Filing ("CM/ECF") system.

[2] The 160-day jail credit was for time petitioner served in the Florida jail between his extradition on July 31, 2006, and his sentencing on November 8, 2006. Petitioner's counsel asked that petitioner also be given credit for 123 days of jail time served in Pennsylvania while awaiting extradition to Florida. (Ex. H, pp. 59-63; Ex. I, p. 6). Counsel argued that the Florida court had signed a felony fugitive warrant on April 15, 2005. Petitioner was arraigned on the Florida warrant on March 30, 2006, while incarcerated on a pending unrelated Pennsylvania charge. On April 6, 2006 petitioner came before the trial court in Pennsylvania and signed the extradition waiver. While petitioner was awaiting

(Exs. H, I).  The statutory maximum for which petitioner could have been sentenced on the Grand Theft VOCC was 5 years imprisonment.  (Ex. G, p. 48).  Petitioner did not file a direct appeal.  (Exs. A, J and K, p. 18; *see also* Doc. 1, p. 2).

On March 20, 2007 petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he presented two issues:  (1) ineffective assistance of counsel for counsel's failure to preserve for appeal and challenge via a Fla. R. Crim. P. Rule 3.800(b) motion the issue of petitioner's entitlement to additional jail credit for 123 days time served in Pennsylvania on a pending unrelated charge while awaiting extradition to Florida; (2) trial court error in not awarding petitioner jail credit for the 123 days time served in Pennsylvania.  As support for his claim petitioner cited Fla. Stat. § 921.161 and *Shatley v. State*, 902 So.2d 349 (Fla. 5th DCA  2005).  (Ex. K, p. 17-24).  On April 12, 2007 the trial court denied relief on the grounds that an award of jail credit for time served in another state while awaiting transfer to Florida is discretionary, not mandatory, and the trial judge exercised her discretion in denying petitioner such credit.  (*Id.*, p. 30 (citing *Gethers v. State*, 838 So.2d 504 (Fla. 2003) and *Kronz v. State*, 462 So.2d 450 (Fla. 1985)).  Petitioner's motion for rehearing was denied on May 9, 2007.  (*Id.*, p. 38). Petitioner appealed.  No briefs were filed.  (Ex. J).  On March 10, 2008 the Florida First District Court of Appeal ("First DCA") affirmed the denial order without written opinion.  *Griffin v. State*, 977 So.2d 582 (Fla. 1st DCA 2008) (Table) (copy at Ex. L).  The mandate issued April 7, 2008.  (Ex. M).  Petitioner's motion for rehearing was denied on May 29, 2008.  (Exs. N, O).

Petitioner initiated the instant federal habeas proceeding on June 22, 2008.  (Doc. 1, p. 1).  His petition presents the following ten grounds for relief, all relating

---

extradition (from March 30, 2006 until July 31, 2006), he was entitled to release on bond on the Pennsylvania charge but, although able to make bond, was not released due to the Florida warrant.  The trial judge declined to award petitioner the credit for those 123 days served in Pennsylvania.  (*Id.*).

*Page 4 of 15*

to the denial of jail credit for the 123 days served in Pennsylvania from March 30, 2006 to July 31, 2006:

1. "The First District Court of Appeal did err in its decision to affirm with the trial court, and not remanding for hearing." (Doc. 1, p. 4).

2. "Circuit Court judge did err by not awarding the jail credit, based on assumption defendant was serving another sentence." (*Id.*)

3. "Trial counsel was ineffective." (*Id.*, p. 5). In support of this ground, petitioner asserts counsel failed to "properly address[ ] the issue of the additional jail credit" when counsel failed to dispute the judge's remark that petitioner was serving an imposed sentence on the Pennsylvania charge during the relevant period.

4. "Trial court judge abused her discretion." (*Id.*, p. 5). In support of this ground, petitioner asserts that the trial court erred when she denied his motion "with no attachments of legal reasonings [sic] or justifications other than judge's right or authority to award or not award the credit." (*Id.*, p. 6).

5. "To deny jail credit through discretion added to statute 921.161 by interpretation from case law *Kronz*[3] for reasons of out-of-state jurisdiction is conflicting with the laws and treaties of the extradition acts." (*Id.*, p. 6) (footnote added).

6. "Legislative acts must accord with guarantee that no man shall be deprived of life, liberty, or property with-out [sic] due process of law." (*Id.*, p. 7).

7. "Florida Statute 921. 161 as it is written, then with the liberal use of its interpretation through added case law *Kronz* to mean Florida jails only and giving unbridled d[i]scretion to the trial court judges as to the award of jail credit when held in out-of-state jurisdiction; allows abuse

---

[3]In *Kronz v. State*, 462 So.2d 450 (Fla. 1985), the Florida Supreme Court examined Fla. Stat. § 921.161(1), which provided that "the court imposing a sentence shall allow a defendant credit for all the time spent in the county jail before sentence." Mr. Kronz was arrested and held in South Carolina on a fugitive warrant for an escape from a Florida jail. He unsuccessfully fought extradition and eventually pleaded guilty to the escape charge. Mr. Kronz sought credit for time served in South Carolina. The Florida Supreme Court concluded that Section 921.161(1) "requires the trial judge to give credit only for time served in Florida county jails pending disposition of criminal charges. The trial judge does, however, have the inherent discretionary authority to award credit for time served in other jurisdictions while awaiting transfer to Florida." 462 So.2d at 451.

*Case No: 5:08cv201/RS/MD*

of that discretion, subsequently making the statute to be arbitrary, oppressive, and unreasonable." (*Id.*, p. 7).

8. "Statute 921.161, is written to give credit for all jail time served before sentencing; yet through its later added interpretation based on case law *Kronz* it is said to mean Florida county jails only and allows or gives the lower tribunal court judges unbridled discretion to award or not award jail credit for time served in out of state jurisdictions; which is cause for continuous conflict of opinions and decisions being made in the sentencing from one defendant to another, from district to district and from judge to judge. . . . This interpretation of legislative law 921.161 is not consistant [sic] nor is it equal in giving credit for jail time served to all in like circumstances, and therefore is in conflict with the 14th amendment to require equal protection and security to all in like circumstances." (*Id.*, p. 8).

9. "Statute 921.161 through its current interpretation is in conflict with the 14th amendment of the United States Constitution." (*Id.*, p. 9).

10. "I am serving an illegal sentence; due to I was not given the proper amount of days jail credit for time served before sentencing." (*Id.*, p. 10).

Petitioner asserts he presented Grounds 1-4, 6 and 8 to the state courts in his Rule 3.850 proceeding. He states he presented Ground 9 "in part" in the Rule 3.850 proceeding, and concedes that Grounds 5, 7 and 10 have not been presented to the state courts. As relief, petitioner seeks 123 days jail credit and amendment of the statute to remove sentencing judges' "unbridled discretion." (*Id.*, p. 11).

Respondent seeks dismissal of the petition, arguing that none of the grounds presented raise a properly exhausted issue cognizable on federal habeas review. (Doc. 14, p. 5). Specifically, respondent contends that only one ground, Ground 2 of the petition, was fairly presented to the state court, but that Ground presents only a question of state law that is not cognizable in habeas corpus. Petitioner's remaining grounds for relief were not fairly presented to the state courts and are procedurally defaulted. (Doc. 14, pp. 5-15). As mentioned earlier, petitioner has not responded to respondent's request for dismissal.

## LEGAL STANDARDS

**Claims Cognizable on Federal Habeas Review**

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to the level of denial of fundamental due process. *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *see also Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

**Exhaustion and Procedural Default**

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[4] thereby giving the State the "'opportunity to pass upon and correct'

---

[4]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)   the applicant has exhausted the remedies available in the courts of the State; or

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine

---

        (B) (i) there is an absence of available State corrective process; or

          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

## DISCUSSION

### Ground 1

In Ground 1 petitioner challenges the state appellate court's affirmance of the Rule 3.850 court's denial of relief, arguing that it was in conflict with other state appellate court decisions. This claim is not cognizable on federal habeas review because it involves purely a question of state law. *See Estelle v. McGuire,* 502 U.S.

at 67-68, 112 S.Ct. at 480 (stating that "it is not the province of a federal habeas court to reexamine state-court determinations" on questions of state law, but such courts may only determine "whether a conviction violated the Constitution, laws, or treaties of the Untied States"); *see also, e.g., Pitts v. Secretary for Dep't of Corrections*, 155 Fed. Appx. 498, 501 (11th Cir. 2005) (holding that prisoner's challenge to the Florida Supreme Court's interpretation of Florida statutes regarding kidnaping and false imprisonment as set forth in *State v. Smith*, 840 So.2d 987 (Fla. 2003), was not cognizable in a federal habeas petition).[5]

Even if Ground 1 raised an issue of constitutional dimension, the claim is procedurally defaulted. Petitioner asserts that he presented this claim to the state courts in his motion for rehearing on appeal of the Rule 3.850 court's order. However, as respondent correctly points out this does not satisfy the exhaustion requirement, as Florida law provides that a defendant may not obtain a merits review of a claim raised for the first time in a motion for rehearing.[6] Thus, this claim is procedurally defaulted because it was not raised in a procedurally correct manner.

---

[5]The undersigned cites *Pitts* only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

[6]Florida Rule of Appellate Procedure 9.330 regarding motions for rehearing, clarification or certification provides:

> A motion for rehearing, clarification, or certification may be filed within 15 days of an order or within such other time set by the court. A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its decision, *and shall not present issues not previously raised in the proceeding*. . . .

*Id.* (emphasis added). As explained in *Cleveland v. Florida*, 887 So.2d 362 (Fla. 5th DCA 2004):

> Motions for rehearing are strictly limited to calling an appellate court's attention – without argument – to something the appellate court has overlooked or misapprehended. "The motion for rehearing is not a vehicle for counsel or the party to continue its attempts at advocacy." *Goter v. Brown*, 682 So.2d 155 (Fla. 4th DCA 1996), *rev. denied*, 690 So.2d 1299 (Fla.1997). No new ground or position may be assumed in a petition for rehearing. *Corporate Group Service, Inc. v. Lymberis*, 146 So.2d 745 (Fla.1962); *see also Ayer v. Bush*, 775 So.2d 368 (Fla. 4th DCA 2000) (recognizing that it is a rather fundamental principal of appellate practice and procedure that matters not argued in the briefs may not be raised for the first time on a motion for rehearing); *Sarmiento v. State*, 371 So.2d 1047 (Fla. 3d DCA 1979) (same).

*Id.*, at 364.
Case No: 5:08cv201/RS/MD

Petitioner has made none of the showings to excuse his default. Based on all of the foregoing, the court will not review the issue raised in Ground 1.

### Ground 2

In Ground 2 petitioner claims the trial judge erred in denying him jail credit because the judge's decision was based on the erroneous assumption that petitioner was serving a sentence imposed on the Pennsylvania charge during the relevant time period. This claim is not cognizable on federal habeas review. As a general rule, there is no federal constitutional right to credit for presentence confinement, and absent a state statute requiring such credit, the matter is left to the sentencing judge's discretion.[7]  *See Palmer v. Dugger*, 833 F.2d 253-54 (11th Cir. 1987) (citing *Jackson v. Alabama*, 530 F.2d 1231, 1235 (5th Cir. 1976); *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir. 1970)). Accordingly, petitioner has failed to show that he has been denied a constitutionally protected interest.

To the extent petitioner is alleging that the trial court improperly applied the Florida crediting statute, Fla. Stat. § 921.161, such a claim is not reviewable in this federal habeas corpus proceeding, because such a claim presents a question of purely state law. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (holding that the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction). Further, the Eleventh Circuit has consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. A state decision such as the one here that affects only the sentencing

---

[7]There is an exception if the denial of credit for presentence confinement in jail effectively extends the total time served beyond the maximum prescribed sentence for the crime when the confinement is the result of an inmate's failure to make bail due to indigence. However, that is not the situation here. Petitioner does not allege that his confinement was the result of his failure to make bail due to indigence. Further, petitioner's sentence plus the time for which he now claims credit is less than the maximum 5-year sentence prescribed for his offense. *See Parker v. Estelle*, 498 F.2d 625, 627 (5th Cir. 1974). *See generally* Fla. Stat. §§ 775.082, 812.014.

Case No: 5:08cv201/RS/MD

rights of prisoners under state law is of no consequence in relation to a federal habeas corpus application.

Ground 3

In Ground 3, petitioner's asserts counsel was ineffective for failing to dispute the trial judge's erroneous remark that petitioner was serving an imposed sentence on the Pennsylvania charge during the relevant time period. Although petitioner asserts he raised this claim in his Rule 3.850 motion, the record reveals that he did not. The ineffective assistance claim raised there was based on counsel's failure to preserve the jail credit issue for appellate review and failure to file a motion to correct sentence under Fla. R. Crim. P. Rule 3.800(b). Petitioner did not mention counsel's failure to correct the alleged erroneous remark. Habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts. *Johnston v. Singletary*, 162 F.3d 630, 634-35 (11th Cir. 1998); *Footman v. Singletary*, 978 F.2d 1207 (11th Cir. 1992). Where a petitioner raises an ineffective assistance of counsel claim in the state court, but alleges different supporting facts than in his federal habeas proceeding, he will be deemed to have failed to fairly present the federal claim to the state court. *Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994) (rejecting petitioner's argument that "the general claim of ineffective assistance in state court preserves for federal review all alleged instances of ineffectiveness, regardless of whether evidence of a particular act was presented to the state court"). "Thus, the prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief." *Kelley v. Secretary*, 377 F.3d 1317, 1344 (11th Cir. 2004).

Because petitioner failed to present this particular factual instance of ineffective assistance to the state court, and he would be procedurally barred from returning to state court to do so, the claim is considered procedurally defaulted. *See, e.g., Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003) (holding that habeas petitioner's failure to raise argument in his first Rule 3.850 motion in the Florida court barred him from raising the argument in a successive petition, thereby

rendering it procedurally defaulted for purposes of federal habeas review) (citing *Mills v. Florida*, 684 So.2d 801, 804 n. 3 (Fla. 1996); *Spaziano v. State*, 545 So.2d 843, 844 (Fla. 1989) ("Unless petitioner shows justification for failure to raise the present issue in the first petition, the second successive petition pursuant to Florida Rule of Criminal Procedure 3.850 may be dismissed as an abuse of procedure."); *Snowden v. Singletary*, 135 F.3d 732, 736 n. 4 (11th Cir. 1998)). Petitioner has made none of the requisite showings to excuse his default. Therefore, the court will not review this ineffective assistance claim.

### Ground 4

In Ground 4 petitioner claims the Rule 3.850 judge abused her discretion when she denied relief on petitioner's claims without reviewing the reasonableness of the trial judge's decision not to award the additional credit, and instead basing her denial of relief solely on the grounds that it was within the trial judge's discretion to grant or deny credit. As with Ground 2, *supra*, this claim is not cognizable on federal habeas review because it raises purely a state law question.

### Ground 5

In Ground 5 petitioner essentially asserts that the Florida Supreme Court's interpretation of the crediting statute, Fla. Stat. § 921.161, violates the laws and treaties of the extradition acts. As with Ground 2, *supra*, this claim is not cognizable on federal habeas review because it raises purely a state law question.

Furthermore, petitioner concedes that he has not presented this claim to the state courts. The record establishes this fact. As any attempt to return to state court to present this claim would be procedurally barred, this court considers the claim procedurally defaulted. *See Turner, supra*. Petitioner has made none of the requisite showings to excuse his default. Therefore, the court will not review the claim.

### Ground 6

In Ground 6 petitioner asserts the trial court's failure to award 123 days jail credit violated his rights to due process and equal protection, because it "allow[s] jail credit for one man and not the next. . . ." (Doc. 1, p. 7). Petitioner asserts he

presented this claim to the Rule 3.850 court in his motion for rehearing. However, this does not satisfy the exhaustion requirement, as Florida law provides that a defendant may not obtain a merits review of a claim raised for the first time in a motion for rehearing. *See Cave v. State*, 899 So.2d 1042, 1052 (Fla. 2005) (where defendant did not raise claim of newly discovered evidence in motion for post-conviction relief, and instead raised claim for first time in motion for rehearing following circuit court's order denying relief, issue was not properly presented to lower court and, therefore, was not cognizable on appeal of decision denying post-conviction motion). Thus, this claim is procedurally defaulted because it was not raised in a procedurally correct manner. Any attempt to return to state court to present this claim would be procedurally barred. *See Turner, supra*. Petitioner has made none of the requisite showings to excuse his default. Therefore, the court will not review this claim.

## Ground 7

In this ground for relief, petitioner challenges the constitutionality of Fla. Stat. § 921.161, as interpreted by the Florida Supreme Court in *Kronz, supra*, on the grounds that the statute violated equal protection principles. Petitioner concedes he has not presented this claim to the state courts. The record establishes this fact. As any attempt to return to state court to present this claim would be procedurally barred, this court considers the claim procedurally defaulted. *See Turner, supra*. Petitioner has made none of the requisite showings to excuse his default. Therefore, the court will not review this claim.

## Ground 8

Petitioner contends Fla. Stat. § 921.161 violates the Equal Protection Clause because it allows trial judges to treat similarly situated persons differently by exercising their discretion to grant jail credit to some and deny it to others. Petitioner concedes he has not presented this claim to the state courts. The record establishes this fact. As any attempt to return to state court to present this claim would be procedurally barred, this court considers the claim procedurally defaulted.

*See Turner, supra.* Petitioner has made none of the requisite showings to excuse his default. Therefore, the court will not review this claim.

### Ground 9

This claim is a reiteration of Ground 8 above. Petitioner challenges the constitutionality of Fla. Stat. § 921.161 on the grounds that it deprives persons of their liberty in an unequal and arbitrary manner. Petitioner asserts he raised this claim "in part" in his motion for rehearing. As previously discussed, this does not satisfy the exhaustion requirement. *See* discussion *supra* Ground 2. As any attempt to return to state court to present this claim would be procedurally barred, this court considers the claim procedurally defaulted. *See Turner, supra.* Petitioner has made none of the requisite showings to excuse his default. Therefore, the court will not review this claim.

### Ground 10

For his last ground for relief, petitioner contends Fla. Stat. § 921.16 as interpreted and applied by the state courts is arbitrary, oppressive, and unreasonable in violation of petitioner's due process or equal protection rights. Petitioner concedes he has not presented this claim to the state courts. The record establishes this fact. As any attempt to return to state court to present this claim would be procedurally barred, this court considers the claim procedurally defaulted. *See Turner, supra.* Petitioner has made none of the requisite showings to excuse his default. Therefore, the court will not review this claim.

### CONCLUSION

None of the claims raised in the instant petition warrant federal habeas relief, as they either are not cognizable on federal habeas review, are procedurally defaulted, or both.

**Accordingly, it is respectfully RECOMMENDED:**

That the petition for writ of habeas corpus (doc. 1) challenging the sentence imposed in *State of Florida v. James D. Griffin*, in the Circuit Court of Bay County, Florida, case number 04-2497, be DENIED, and the clerk be directed to close the file.

At Pensacola, Florida this 11th day of February, 2009.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).